

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2003

# Penman v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1500

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Penman v. Comm Social Security" (2003). *2003 Decisions*. Paper 143.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/143

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1500
_____

LINDA S. PENMAN,
                                        *Appellant*

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 01-cv-01963)
District Judge:  Honorable Gustave Diamond
_____

Submitted under Third Circuit LAR 34.1(a)
October 24, 2003

BEFORE: ALITO, FUENTES, and BECKER, *Circuit Judges*.

(Filed November 4, 2003)
_____

OPINION OF THE COURT
_____

Becker, *Circuit Judge.*

        Linda Penman appeals from the grant of summary judgment by the District Court

affirming the decision of the Commissioner of Social Security on the grounds that

substantial evidence supports the Administrative Law Judge's ("ALJ") finding that

Penman could perform the limited range of light work identified by the vocational expert on and before December 31, 1997, when her insured status expired. We agree, hence we will affirm. We will not detail the extensive medical history which, at all events, is well known to the parties. We will limit our discussion to the declaration that we agree with Judge Diamond's discussion and the following observations.

The principal gravamen of the appeal, as set forth in Penman's summary of argument, is that:

> In reaching the conclusion, the ALJ chose to rely on the vocational experts [sic] answer to the only hypothetical question which did not include the significant limitations which the Appellant suffered as a result of the post-traumatic syndrome, degenerative disc disease, cervical radiculopathy, chronic left knee pain and hyperextension of the knee. The medical evidence from the work capacity forms indicated that the Appellant can only perform work conditions for four hours per day, with restrictions on use of left foot for repetitive motion. The work capacity form also states that the Appellant is not able to climb, crawl, kneel or squat, frequently bend, reach and twist.

We have, however, scrutinized the reports of Drs. Booker, Felder, and Herbert, and those of the physical therapist, Mr. Holzworth, and conclude that they do not support Penman's version of the proper predicate for the hypothetical question. Instead, we are satisfied that the record supports the ALJ's conclusion that, although Penman could no longer perform her past relevant work as a mill worker because she cannot lift heavy objects or stay in one position for prolonged periods, she could nevertheless perform a limited range of light work on and before December 31, 1997, including work as a billing clerk, inspector

2

of compliance, and accounts clerk, all of which exist in substantial numbers in the economy.

We also reject Penman's second claim – that the ALJ did not consider certain medical reports of Drs. Herbert, Felder and Booker and the affidavit of Denise Reiter. Rather, we are satisfied that the ALJ considered all relevant medical evidence. The matters about which Penman complains were either not properly part of the administrative record and/or were not time relevant (they were either before or after the eligibility period and shed no light on the relevant period). At all events, the ALJ developed a fully adequate record for his decision.

The judgment will be affirmed.


TO THE CLERK:

Please file the foregoing opinion.


  /s/Edward R. Becker  
                            Circuit Judge

3